UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHRISTIANA SEMPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-11405-JEK |
| | ) | |
| MASS GENERAL BRIGHAM, INC. and BRIAN C. MARTIN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS AND MOTION FOR LEAVE TO SUPPLEMENT

**KOBICK, J.**

Plaintiff Christiana Semper, who is proceeding *pro se*, brings this action against Mass General Brigham, Inc. ("MGB") and Brian C. Martin, a Senior Manager on MGB's Retirement Claims and Appeal Committee, to challenge a reduction in employer contributions to her employee cash balance plan. Asserting claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, Semper alleges that MGB, as the administrator of her plan, improperly decreased its employer contributions to her plan from 15% to 9% of her annual salary and failed to provide her adequate notice of that change. The defendants have moved to dismiss Semper's complaint, contending that her claims are time-barred and that she has failed to state a plausible claim. Based on the facts alleged in Semper's complaint, the Court agrees with the defendants that Semper's claims are contractually time-barred and will, accordingly, grant the motion to dismiss. Nevertheless, because additional facts asserted by Semper at the motion hearing may alter the accrual date for her claims, such that the claims may be timely, the Court will grant Semper leave to file an amended complaint.

**BACKGROUND**

The Court recounts the facts based on the allegations in the complaint and "the content of documents . . . sufficiently referenced in the complaint." *Bazinet v. Beth Israel Lahey Health, Inc.*, 113 F.4th 9, 15 (1st Cir. 2024). Two documents are sufficiently referenced in the complaint so as to be considered on a motion to dismiss. First, the plan document, which is attached as an exhibit to the motion to dismiss, is referenced throughout the complaint and is central to Semper's ERISA claims. *See* ECF 1, at 4-5; ECF 12-1; *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 108 (2013) (a plaintiff's "cause of action for benefits is . . . bound up with the written instrument"); *Riley v. Metro. Life Ins. Co.*, 744 F.3d 241, 249 (1st Cir. 2014) (the provisions agreed to in the plan documents are "at the center of ERISA" (citation and quotation marks omitted)). Second, the defendants have moved for leave to supplement their motion to dismiss with the August 25, 2023 letter notifying Semper that her appeal of the denial of her claim had been upheld. *See* ECF 24. That motion will be granted, and the Court will consider the letter, which is likewise referenced in the complaint. *See* ECF 1, at 4.[1]

Semper worked as a full-time employee at Massachusetts General Hospital ("MGH") from February 26, 2011 to March 31, 2024. *Id.* During that time, she was a participant in the Consolidated Cash Balance Program of Mass General Brigham and Member Organizations (the "Plan"), an ERISA-covered plan administered by the MGB Retirement Committee. *Id.*; ECF 24-1, at 1. In 2021, Semper moved from Massachusetts to Florida. ECF 1, at 4; ECF 24-1, at 1. While working from Florida, she kept the same job title and continued reporting to the same supervisor

---

[1] The Court declines to consider the other documents attached to the defendants' motion to dismiss—namely, the administrative record and several emails sent to Semper in the fall and winter of 2021—because they are not incorporated by reference into the complaint or subject to judicial notice. *See* ECF 12-2, 12-3, 12-4, 12-5.

at MGH. ECF 1, at 4. At some point after her move, Semper was notified by the MGB Retirement Committee via email that because she had moved away from New England, her employment "would be transferred to Mass General Brigham Enterprise Service for compliance purposes" and she "would be subject to the benefits and policies of Mass General Brigham." ECF 24-1, at 1. As a consequence of Semper's transfer to MGB's policies and benefits, the benefits she received under the Plan decreased, beginning on January 1, 2022. ECF 1, at 4; *see* ECF 12-1, § 2.17. Before the transfer, the employer contribution to her Plan was 15% of her annual salary. ECF 1, at 4. After the transfer—from January 1, 2022 until her retirement on March 31, 2024—the employer contribution to her Plan was only 9% of her annual salary. *Id.*

Semper appealed this change to the MGB Retirement Committee on February 13, 2023 and May 17, 2023, seeking to be reinstated as a participant earning 15% employer contributions under the Plan. *Id.* Martin, on behalf of the MGB Retirement Committee, denied both requests. *Id.* The second denial letter, dated August 25, 2023, explained that under Section 2.17 of the Plan, Semper was deemed to have "transfer[red] from employment covered by [one] adopting employer Schedule or Appendix to employment covered by [another] adopting employer Schedule or Appendix" when she moved away from New England, resulting in the lower employer contribution. ECF 24-1, at 1. It also explained that Semper had been notified that her employment had been transferred to MGB and that she "would be subject to the benefits and policies of Mass General Brigham." *Id.*

Semper filed a complaint in this Court on May 28, 2024. ECF 1. Her complaint—which is construed liberally because Semper is proceeding *pro se*, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007)—invokes 29 U.S.C. § 1132(a). ECF 1, at 3. That statute provides, among other things, a cause of action for plan participants "to recover benefits due to [them] under the terms of [their]

plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Semper asks, for the period from January 1, 2022 to March 31, 2024, to be reinstated to a status in the Plan with employer contribution benefits calculated at 15%, rather than 9%, of her annual salary. ECF 1, at 5. Semper asserts that, if reinstated, she is entitled to $26,675 in unpaid benefits, plus interest. *Id.* She also requests filing fees and other costs. *Id.*

On August 8, 2024, the defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Semper's complaint is time-barred and fails to state a claim. ECF 12, at 1. Martin additionally asserted that he is an improper party defendant. *Id.* at 13. Semper opposed that motion but represented that she does not object to dismissing Martin as a defendant. ECF 13, at 6. Substantively, she contended that her claims are not time-barred or, to the extent that they are, they should be equitably tolled. *Id.* at 3-6. She also argued that, in reducing her Plan benefits, MGB violated ERISA § 204(h), 29 U.S.C. § 1054(h), by failing to give her adequate notice of the significant reduction in her benefits. ECF 13, at 4-6. The defendants' reply brief objected to Semper's invocation of 29 U.S.C. § 1054(h), noting that she had not asserted any such claim in her complaint. ECF 17, at 1.

## STANDARD OF REVIEW

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine "'whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintif[f], the complaint states a claim for which relief can be granted,'" *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7 (1st Cir. 2011)). The complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the

4

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. The Court "may properly consider only facts and documents that are part of or incorporated into the complaint." *Rivera v. Centro Médico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009) (citation and quotation marks omitted).

## DISCUSSION

Semper asserts two claims under ERISA: (1) a claim to recover benefits under the Plan, and (2) a claim for an alleged violation of the notice provisions of 29 U.S.C. § 1054(h), which requires a plan administrator to provide notice, "written in a manner calculated to be understood by the average plan participant," of any amendment to a plan that results in "a significant reduction in the rate of future benefit accrual." 29 U.S.C. § 1054(h)(1)-(2). The defendants contend, and the Court agrees, that Semper's complaint does not directly identify the alleged violation of 29 U.S.C. § 1054(h); that theory was first raised in her opposition to the motion to dismiss. Nevertheless, because of its obligation to construe Semper's *pro se* complaint liberally, *Erickson*, 551 U.S. at 94, and because deeming a violation of 29 U.S.C. § 1054(h) adequately pleaded does not alter the analysis of the timeliness of Semper's claims, the Court will consider whether both claims survive the defendants' motion to dismiss.

Semper's claim to recover $26,675 in benefits is brought under 29 U.S.C. § 1132(a)(1)(B), which provides a cause of action "to recover benefits due to [plan participants] under the terms of [their] plan." 29 U.S.C. § 1132(a)(1)(B). As framed in her opposition brief, Semper's claim that the defendants violated 29 U.S.C. § 1054(h) also falls within 29 U.S.C. § 1132(a)(1)(B)'s cause of action, rather than the separate cause of action for "appropriate equitable relief" provided by 29

5

U.S.C. § 1132(a)(3). That is so because the relief Semper requests is the benefits she believes she is entitled to under the Plan or retroactive reinstatement in the Plan, not equitable relief. *See LaRocca v. Borden, Inc.*, 276 F.3d 22, 28-29 (1st Cir. 2002) (explaining that if a plaintiff can pursue a claim to recover benefits or achieve constructive reinstatement in a plan pursuant to Section 1132(a)(1)(B), there is an adequate remedy under the plan, which bars a further remedy under Section 1132(a)(3)); *Hakim v. Accenture U.S. Pension Plan*, 656 F. Supp. 2d 801, 813-14 (N.D. Ill. 2009) (noting that Section 1054(h) claims "can be fully remedied under § [1132(a)(1)(B)], and thus equitable relief under § [1132(a)(3)] is not available to remedy such claims"); *cf. Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996) (explaining that claims for "wrongful denial of benefits and information" are brought under 29 U.S.C. § 1132(a)(1)). Here, the gravamen of Semper's claims is a request to recover benefits she believes she is entitled to under the Plan, either because of her improper transfer or because she received inadequate notice of the transfer. The Court will thus proceed to consider whether Semper's claims under 29 U.S.C. § 1132(a)(1)(B) are timely.

I.    **Timeliness of the Claims.**

ERISA claims under 29 U.S.C. § 1132(a)(1)(B) have no specified statute of limitations, so courts typically "borrow the most closely analogous statute of limitations in the forum state." *Santaliz-Ríos v. Metro. Life Ins. Co.*, 693 F.3d 57, 59 (1st Cir. 2012). If, however, the parties have contractually agreed to a different limitations period or trigger for claim accrual, courts will enforce those agreements, so long as they are reasonable. *See Heimeshoff*, 571 U.S. at 106-08; *Santana-Díaz v. Metro. Life Ins. Co.*, 816 F.3d 172, 176 (1st Cir. 2016); *Santaliz-Ríos*, 693 F.3d at 60.

The MGB Plan documents specify both the timing of claim accrual and the limitations period for Plan-related claims. Section 17.12 of the Plan states that claims to recover benefits under

the Plan, as well as "any other claim or action that relates to the Plan," accrue "from the earliest of (A) the date the first benefit payment was made or due; (B) the date the Retirement Committee, or its delegate first denied the claimant's request; or (C) the first date the claimant knew or should have known the principal facts on which such claim or action is based." ECF 12-1, § 17.12. It further states that the limitations period is 24 months, unless the claimant initiates an appeal within that period, in which case "the period for commencing such claim or action in the appropriate court or forum shall expire on the later of the end of the 24-month period and the date that is 3 months after the claimant has exhausted the Plan's claims and appeals procedures." *Id.*

The First Circuit has previously concluded that a two-year contractual limitations period, like the one set forth in the Plan, is reasonable. *See Island View Residential Treatment Ctr. v. Blue Cross Blue Shield of Mass.*, 548 F.3d 24, 27 (1st Cir. 2008) (upholding a two-year limitations period in an ERISA-governed health insurance contract). And while ERISA itself contains a lengthier statute of limitations for breach of fiduciary duty claims, *see* 29 U.S.C. § 1113, Semper's Section 1054(h) claim is not akin to a breach of fiduciary duty claim, but rather is asserted alongside a corresponding claim for benefits, which affords her an adequate remedy, *see LaRocca*, 276 F.3d at 28-29; *White v. Chase*, No. 15-cv-40013-TSH, 2016 WL 347040, at *3 n.3 (D. Mass. Jan. 27, 2016) (noting that courts "have tended [to] trea[t] [Section 1054(h) claims] as non-fiduciary claims where there is a corresponding claim for benefits"); *Taylor v. Pension Plan of Pipefitters Loc. 537 Pension Fund*, No. 06-cv-12156-DPW, 2009 WL 1812794, at *5 (D. Mass. June 11, 2009) (distinguishing between a claim under Section 1054(h), which is a "challeng[e] to the Plan's compliance with ERISA requirements for pension benefit plans," and a breach of fiduciary duty claim); *Morjaria v. Harvard Vanguard Med. Assocs., Inc.*, No. 14-cv-10139-GAO, 2015 WL 1276827, at *3 (D. Mass. Mar. 20, 2015) (distinguishing claims for breach of fiduciary

7

duty, which are governed by Section 1113, from claims for recovery of benefits, which are subject to the contractual limitations period). The contractual limitations period and claim accrual provisions in the Plan are, accordingly, enforceable.

Applying those provisions to the facts alleged in the complaint,[2] Semper's claims appear to have accrued on January 1, 2022, the date on which Semper alleges that she first began to receive a 9% employer contribution to her Plan. ECF 1, at 4. Based on the facts in the complaint, this was the first date on which she "knew or should have known the principal facts on which" her claims are based. *See* ECF 12-1, § 17.12. Semper further alleges that she initiated the Plan's appeals procedures on February 13, 2023, within 24 months of the date of claim accrual. The limitations period for her claims thus "expire[d] on the later of the end of the 24-month period and the date that is 3 months after [Semper] exhausted the Plan's claims and appeals procedures." *Id.* Semper exhausted the claims and appeal procedures on August 25, 2023, when she received the final denial letter, and the end of the 24-month period was January 1, 2024. Her claims accordingly appear to have expired on January 1, 2024, which is more than three months past the date on which she exhausted her appeals. Because Semper did not file this lawsuit until May 28, 2024, more than five months after the limitations period expired, based on the facts in the complaint, her claims for recovery of Plan benefits and a violation of Section 1054(h) appear to be time-barred under the contract.

---

[2] The defendants argue that Semper's claims accrued on September 23, 2021, when, based on several emails Semper received, she "knew or should have known . . . that her employment and benefits would be transitioned from [MGH] to MGB if she opted to continue living outside of New England permanently." ECF 12, at 12. The emails on which the defendants rely are not, however, "attached to or fairly 'incorporated into the complaint,'" so they cannot be considered on a motion to dismiss. *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55-56 (1st Cir. 2012) (quoting *Arturet-Vélez v. R.J. Reynolds Tobacco Co.*, 429 F.3d 10, 13 n.2 (1st Cir. 2005)).

## II.     Equitable Tolling Is Not Warranted.

Semper requests that, to the extent her claims are time barred, the Court equitably toll the limitations period because, in her view, the contractual limitations provision is ambiguous, and because she delayed filing her lawsuit until after her retirement on March 31, 2024 "[f]or fear of suffering negative actions." ECF 13, at 3, 6. "The doctrine of equitable tolling allows a plaintiff to assert an otherwise time-barred claim in a limited set of circumstances and operates to prevent 'results contrary to good conscience and fair dealing.'" *Scarpaci v. Lowe's Home Ctr., LLC*, 212 F. Supp. 3d 246, 250-51 (D. Mass. 2016) (quoting *McLearn v. Hill*, 276 Mass. 519, 524 (1931)) (noting that a plaintiff arguing for equitable tolling bears the burden of proof to show that it is warranted).

The interpretation of a contract, including whether a contract is ambiguous, is ordinarily a question of law. *Zurich Am. Ins. Co. v. Med. Props. Tr., Inc.*, 494 Mass. 382, 386-87 (2024); *Power Control Devices, Inc. v. Orchid Techs. Eng'g & Consulting, Inc.*, 968 F. Supp. 2d 435, 445 (D. Mass. 2013) (citing *Weiss v. DHL Express, Inc.*, 718 F.3d 39, 44-45 (1st Cir. 2013)). "[T]he terms of an ERISA policy are to be interpreted under principles of federal substantive law." *Vickers v. Bos. Mut. Life Ins. Co.*, 135 F.3d 179, 181 (1st Cir. 1998) (citing *Wickman v. Nw. Nat'l Ins. Co.*, 908 F.2d 1077, 1084 (1st Cir. 1990)). However, "[i]n view of the still 'formative stage' of federal law here," courts "borrow the 'best reasoned' concepts from state law" and apply "'common-sense canons of contract interpretation,'" such as the "fundamental principle" of looking to the "common understanding" of terms. *Id.* (quoting *Wickman*, 908 F.2d at 1084). In Massachusetts, "'a contract is only ambiguous where an agreement's terms are inconsistent on their face or where the phraseology can support reasonable differences of opinion as to the meaning of the words employed and obligations undertaken.'" *Farmers Ins. Exch. v. RNK, Inc.*, 632 F.3d 777, 783 (1st

9

Cir. 2011) (quoting *Bank v. Int'l Bus. Machs. Corp.*, 145 F.3d 420, 424 (1st Cir. 1998)); *see Bank v. Thermo Elemental Inc.*, 451 Mass. 638, 648 (2008).

> The relevant Plan language states:
>
> Any such claim or action must be commenced in the appropriate court or forum no later than 24 months from the earliest of (A) the date the first benefit payment was made or due; (B) the date the Retirement Committee, or its delegate first denied the claimant's request; or (C) the first date the claimant knew or should have known the principal facts on which such claim or action is based; provided, however, that, if the claimant commences the Plan's claims and appeals procedure before the expiration of such 24-month period, the period for commencing such claim or action in the appropriate court or forum shall expire on the later of the end of the 24-month period and the date that is 3 months after the claimant has exhausted the Plan's claims and appeals procedures.

ECF 12-1, § 17.12. Semper argues that, based on this provision, she believed she had "27 months after the end of the appeal process" to file suit. ECF 13, at 6. But "'[a]mbiguity is not created merely because the litigants disagree about the meaning of a contract.'" *Farmers Ins. Exch.*, 632 F.3d at 783 (quoting *Nicolaci v. Anapol*, 387 F.3d 21, 26 (1st Cir. 2004)); *see also Verveine Corp. v. Strathmore Ins. Co.*, 489 Mass. 534, 539 (2022). Here, the limitations provision is clear. Under the terms of the contract, claims accrue upon the earliest of three possible dates. ECF 12-1, § 17.12. The limitations period is 24 months. *Id.* If, however, the claimant initiates an appeal before that 24-month limitations period runs, the limitations period extends to three months past the date of exhaustion, though only if that date is later than the initial 24-month limitations period. *Id.* The contract language is neither "inconsistent on [its] face" nor subject to "reasonable differences of opinion as to the meaning of the words employed," and does not, therefore, warrant equitable tolling. *Farmers Ins. Exch.*, 632 F.3d at 783 (citation and quotation marks omitted); *see also Riley*, 744 F.3d at 249 (rejecting the plaintiff's equitable argument to liberally construe an ERISA-

governed insurance contract "[w]ith nothing in the Plan documents to support [the plaintiff's] position").[3]

Semper's claimed fear of retaliation also does not merit equitable tolling of her claim, because she has alleged no facts to justify her concern. "Equitable tolling is to be 'used sparingly,' and the circumstances where tolling is available are exceedingly limited." *Halstrom v. Dube*, 481 Mass. 480, 485 (2019) (quoting *Shafnacker v. Raymond James & Assocs., Inc.*, 425 Mass. 724, 728 (1997)). Without facts to substantiate her concern that she may have been subject to retaliation for filing this lawsuit, Semper's claim in her opposition brief that she feared "negative actions" does not warrant equitable tolling. *Cf. Scarpaci*, 212 F. Supp. 3d at 251 (rejecting the plaintiff's equitable tolling argument because the three reasons the plaintiff provided for fearing retaliation were either "instances of employee discipline, not retaliation," or "too vague and unspecific").

### III.  Leave to File an Amended Complaint.

At the motion hearing and in opposition to the motion to dismiss, Semper further contended that the accrual date for her ERISA claims should be January 1, 2023, rather than January 1, 2022. *See* ECF 13, at 4-5. That is so, she argued, because employer contributions to the Plan are deposited for the prior year each January, so she could not have known, or had reason to know, of the change in employer contributions from 15% to 9% of her annual salary until January 2023. Thus, she contends that, under Section 17.12 of the Plan, her claims accrued in January 2023, making the limitations period run until January 2025, and rendering her claims timely.

---

[3] The August 25, 2023 denial letter also described the limitations period to Semper in plain terms, explaining, "if you start the Plan's claims and appeals procedure by submitting a claim to the Plan Administrator within the 24-month Claims Period, the deadline to file a lawsuit will not expire until the later of the last day of the 24-month Claims Period and three months after the date of this letter." ECF 24-1, at 2.

The key fact underlying this argument—that employer contributions to the Plan are deposited for the prior year each January—is not, however, alleged in her complaint. In general, new factual allegations not raised in the complaint and first alleged in opposition to a motion to dismiss will not be considered. *See Redondo-Borges v. U.S. Dep't of Hous. & Urb. Dev.*, 421 F.3d 1, 7 n.2 (1st Cir. 2005). However, because Semper is proceeding *pro se*, and in the interest of justice, the Court will grant Semper leave to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(2) (instructing courts to freely permit amendment "when justice so requires").

Should Semper elect to file a new pleading, her amended complaint would supersede her initial complaint, so she must reallege any facts from the original complaint that she wishes to allege in her amended complaint. *See ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008); *Wooten v. Kahn*, No. 16-cv-11642-DJC, 2016 WL 5346932, at *2 (D. Mass. Sept. 22, 2016). The amended complaint must also comply with the Federal Rules of Civil Procedure. Under those rules, the case caption of the amended complaint should clearly name each party Semper intends to sue, Fed. R. Civ. P. 10(a), and she should write her complaint in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b). She must also allege "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). The allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005) (citation and quotation marks omitted). Thus, to the extent Semper wishes to assert a violation of 29 U.S.C. § 1054(h) in addition to her claim seeking recovery of benefits, she must say so clearly in any amended complaint. Finally, any amended complaint is subject to Federal Rule of Civil Procedure 11, which provides, among other things, that through the filing of

a pleading, an attorney or *pro se* litigant represents that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss, ECF 11, is GRANTED. The plaintiff is given leave to file an amended complaint on or before March 3, 2025. The defendants' motion for leave to file, ECF 24, is also GRANTED.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: January 31, 2025